### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY D. SCOLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-09-78-M |
| | ) |
| MARGARET SPELLINGS, in her official capacity | ) |
| as Secretary of the UNITED STATES | ) |
| DEPARTMENT OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Defendant Secretary of Education's Motion to Dismiss [docket no. 5], filed January 26, 2009. Plaintiff filed his response on February 5, 2009. Also before the Court is plaintiff's Motion to Remand to State Court and Brief in Support [docket no. 7], filed February 5, 2009. Based upon the parties' submissions, the Court makes its determination.

Plaintiff commenced this litigation alleging breach of contract and violation of the Fair Debt Collection Practices Act ("FDCPA"). In 1988, plaintiff incurred student loan debt guaranteed by the United States Department of Education. Over the course of the loan, plaintiff made several payments to the note holder before he was unable to repay the full balance of the loan. Thereafter, plaintiff's loan went into default. According to plaintiff, he entered into a settlement agreement concerning the disputed debt to pay the amount of $1,200 to defendant Aman Collection Services, Inc. ("Aman"). Defendant Aman, however, did not discharge the loan when plaintiff tendered his $1,200 payment. Instead, defendant Aman requested that plaintiff remit $12,000, the corrected amount of the outstanding debt. Plaintiff contends that defendants Aman and Secretary breached the settlement agreement or contract, and that defendants Aman and Secretary violated the FDCPA by falsely representing the amount and/or legal status of his debt.

Defendant Secretary now moves to dismiss for lack of jurisdiction, failure to state a claim and res judicata. Plaintiff voluntarily stipulates to the dismissal of defendant Secretary in his response. The Court, therefore, GRANTS the instant motion to dismiss and DISMISSES defendant Secretary from the instant action.

Assuming the Court dismisses defendant Secretary from this action, plaintiff seeks to remand this case to the District Court of Oklahoma County, State of Oklahoma. Specifically, plaintiff asserts "[w]ithout the Defendant Secretary as a party to this action, this Court no longer has jurisdiction in this matter pursuant to Title 28 U.S.C. § 1442, and [plaintiff] request[s] this Court remand this action to State Court." Motion to Remand at 2. Due to the procedural posture of this case, the only claim remaining is a breach of contract claim against defendant Aman.

Pursuant to 28 U.S.C. § 1442, a civil action commenced in state court may be removed to federal court if federal officers or agencies are being sued. Furthermore, the exercise of supplemental jurisdiction is governed by federal statute, *see* 28 U.S.C. § 1367, *et seq*, and "is a doctrine of discretion, not of plaintiff's right," *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The federal statute provides, in pertinent part, that the "district [court] may decline to exercise supplemental jurisdiction over a claim...if [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Removal statutes are strictly construed, and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may

be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers*, 383 U.S. at 726.

Having reviewed plaintiff's motion to remand, the Court finds that the remaining claim concerning breach of contract against defendant Aman should be, and hereby is, remanded to state court. Specifically, the Court finds that since defendant Secretary is no longer a party to this action, the Court no longer has jurisdiction pursuant to 28 U.S.C. § 1442.[1]  Accordingly, the Court GRANTS the instant motion to remand and REMANDS the instant action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 6th day of February, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, defendant Premiere Credit of North America, LLC has already settled the claims stated against it.